

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-7391

Re: Deduction of collection
expense from grant to
City of Port Arthur.

We have your letter of recent date requesting the opinion of this office on the above-captioned subject. Your letter reads in part as follows:

"Jefferson County has a contract dated January 17, 1945, with Mr. E. S. Pritchard, for the collection of delinquent taxes.

"In checking the records of the Tax Collector's office, we find that in remitting 8/9ths of the State Ad Valorem taxes to the Port Arthur Seawall District, the Seawall area is being charged with a proportionate part of the cost for collection of the taxes, by Mr. Pritchard.

"I would like to point out that the Seawall area is not receiving any part of the penalties and interest charged on delinquent taxes and inasmuch as no part of the penalties and interest are turned over to the Seawall District, the proportionate part of the fee paid to Mr. Pritchard is being paid by the Seawall District out of tax money and not penalties and interest. My question is, is it proper to charge the Seawall District with this cost, when apparently the entire cost of collecting delinquent taxes should be borne out of penalties and interest collected."

By Acts of the Regular Session of the 41st Legislature, 1929, Page 656, Chapter 292, 8/9ths of the State ad valorem taxes on all property, both real and personal, collected in Commissioners' Precinct No. 2 of Jefferson County, Texas, were donated and granted to the City of Port Arthur for the purpose of constructing and maintaining a sea wall. This act was amended by Acts of the Regular Session of the 47th Legislature, 1941, Page 1308, Chapter 584 and by the 49th Legislature, 1945, Page 615, Chapter 353, and as amended, provides in part as follows:

"Section 1. That commencing with the fiscal year beginning September 1, 1929, and ending August 31, 1961, there be and hereby are donated and granted by the State of Texas to the City of Port Arthur, Texas, situated in Jefferson County, Texas, eight-ninths (8/9) of the net amounts of the State ad valorem taxes collected on all property, both real and personal in Commissioners' Precinct No. 2. of Jefferson County, Texas, as it existed on January 1, 1945, which shall be ascertained and apportioned as now provided by law; provided that from and after August 31, 1949, Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads, as now defined by law, in said Precinct No. 2 shall be exempt from all taxation for the purposes enumerated in this Act as well as for all State purposes.

"Sec. 2. At the end of each month, the Collector of Taxes for Jefferson County, shall on forms to be furnished by the Comptroller of Public Accounts, make an itemized report, under oath to said Comptroller, showing each and every item of State ad valorem taxes collected by him as provided for in this Act, upon all property, both real and personal, in said Commissioners' Precinct No. 2 of Jefferson County, Texas, as it existed on January 1, 1945, and accompanying same with a summarized statement showing full disposition of all such State taxes collected; said Collector shall present such report together with the tax receipt stubs, authorized by law to be kept, to the County Clerk of Jefferson County, Texas, who shall within ten (10) days compare said report with

Honorable E. S. Foreman, page 3

stubs, and, if the same agree in every particular
as regards names, dates and amount, the Clerk shall
certify to its correctness for which examination
and certificate he shall be paid by the Commission-
ers' Court, Twenty-five (25) Cents for each certifi-
cate and Twenty-five (25) Cents for each two hundred
(200) taxpayers named in said report. The said Col-
lector shall then immediately forward his report,
so certified to the Comptroller and shall pay over
to the City Treasurer of the City of Port Arthur,
Texas, eight-ninths (8/9) of all moneys collected
by him during said month under the provisions of
this Act, except such amounts as are allowed by
law for assessing and collecting the same, and shall
forward a duplicate copy of the receipt given to him
by the treasurer of the City of Port Arthur, Texas,
for such moneys to the Comptroller. The said Col-
lector shall remit to the State Treasury one-ninth
(1/9) of all such taxes collected by him from month
to month." (Underscoring ours)

On January 17, 1945, the Commissioners' Court of Jef-
ferson County entered into a contract with E. S. Pritchard for
the collection of delinquent taxes in Jefferson County. Under
the facts as stated in your letter, and in the excellent brief
prepared by Mr. B. T. McWorter, City Attorney for the City of
Port Arthur, Texas, it would seem that the City of Port Arthur
is being charged with a proportionate part of the commission
paid to Mr. Pritchard for the collection of delinquent taxes
and that this amount is being deducted from the amount of
taxes donated and granted to the City of Port Arthur. Your
question, therefore, is where, as here, the penalty and interest
are collected, should the entire commission payable to Mr.
Pritchard, be paid out of the penalty and interest and no
part of it deducted from the amount donated and granted to
the City of Port Arthur.

Article 7335a, V. A. R. C. S. provides in part:

"Sec. 1. No contract shall be made or entered
into by the Commissioners' Court in connection with
the collection of delinquent taxes where the compen-
sation under such contract is more than fifteen per
cent of the amount collected."

Honorable E. S. Foreman, page 4

Article 7264a, V. A. R. C. S., Sec. 2, provides in part:

"Cost of collecting delinquent taxes shall not exceed the amount of the penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected."

As we construe these statutes, they operate only as a limitation on the amount which may be paid to the collecting attorney under a contract to collect delinquent taxes.

In Morrison v. Lane, 157 S. W. (2d) 466 (C. C. A., Beaumont) a case where the Legislature had remitted the penalty and interest, the court allowed the commission to be paid out of the tax. In that case, speaking through Chief Justice Walker, the Court said:

"Article 7335a is nothing more than a limitation upon the power of the court in fixing the compensation of the attorney employed under the contract authorized by Article 7335. Section 2 of Article 7264a is nothing more than a provision to the effect that the cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected, that is, Art. 7264a empowered the Commissioners' Court to make a contract on the conditions therein stipulated, and no contention is made that when executed the contract was in violation of law. There is nothing in these articles to the effect that the attorney employed to collect delinquent taxes shall be paid only from the interest and penalty due on delinquent taxes; had this been the intent of the Legislature, it would not have been provided by Article 7335 that the attorney could be paid 'a per cent on the taxes.'"

Since Article 7335a and Section 2 of Article 7264a operate only as a limitation on the amount which may be paid to the collecting attorney, it is the opinion of this office that the City of Port Arthur is properly chargeable with its proportionate part of the costs of collecting delinquent taxes. As

we construe the act, donating and granting to the City of Port Arthur 8/9's of the State ad valorem taxes collected in Commissioners' Precinct No. 2, this deduction is specifically provided for.  The underscored portion of the above-quoted act provides that 8/9's of the net amount of the taxes (that is, the gross amount collected less the authorized expenditures) be donated and granted to the City of Port Arthur.  Further, in the act this expenditure was anticipated and authorized by the following language:

"***Eight-ninths (8/9) of all moneys collected by him during said month under the provisions of this Act, except such amounts as are allowed by law for assessing and collecting the same."

In view of the language of the statutes, it is undisputed that the various amounts allowed by law for the collection of taxes, are properly deductible.  The language of this grant covers delinquent, as well as current taxes.  The commission due Mr. Pritchard is an amount allowed by law for the collection of delinquent taxes and thus a proportionate part of this commission is properly deductible from the amount donated to the City of Port Arthur.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Robert T. Donahue

Robert T. Donahue
Assistant

RTD/JCP



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN